# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                            Criminal No. 05-214(1) (DWF/JSM)

               Plaintiff,

v.                                            **ORDER**

Scott Donald Wiele,

               Defendant.

---

John R. Marti, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Katherine Menendez, Assistant Federal Defender, Office of the Federal Defender, counsel for Defendant.

---

## INTRODUCTION

This matter is before the undersigned United States District Court on Petitioner-Defendant Scott D. Wiele's ("Petitioner-Defendant") self-styled post-appeal motions. Petitioner-Defendant has filed post-trial motions and pleadings which purport to raise the following issues:

| Doc. No. 90 | Motion for New Trial |
|---|---|
| Doc. No. 91 | Motion to Withdraw Plea |
| Doc. Nos. 93 & 94 | Motion for Bond |
| Doc. Nos. 96 & 97 | Motions for Discovery of Grand Jury Minutes and Evidence |

| Doc. No. 98 | Motion to Quash Indictment |
| Doc. No. 99 | Motion to Void Forfeiture Judgment |
| Doc. No. 105 | Motion for Leave to File Reply to Government's Response and Opposition for Motion Filed Under Post-Conviction Relief |
| Doc. No. 106 | Defendant's Motion in Reply to the Government's Response in Opposition for Motion to File Under Post-Conviction Relief |

The Government opposes Petitioner-Defendant's self-styled post-appeal motions.

## BACKGROUND

Petitioner-Defendant is currently incarcerated at the Federal Prison Camp in Duluth, Minnesota. He is presently serving a 108-month sentence imposed by this Court on June 7, 2006. Notwithstanding the fact that Petitioner-Defendant waived his right to appeal pursuant to the plea negotiation in the case, he subsequently and unsuccessfully appealed his sentence. *United States v. Wiele*, 252 Fed. Appx. 773, 2007 WL 3171323 (8th Cir. 2007).

On June 21, 2005, a federal grand jury returned a 44-count Indictment against Petitioner-Defendant, charging him with 27 counts of mail fraud in violation of 18 U.S.C. § 1341; 11 counts of wire fraud in violation of 18 U.S.C. § 1343; and 6 counts of money laundering in violation of 18 U.S.C. § 1957.

On August 26, 2005, pursuant to a plea agreement with the United States (Doc. No. 61), Petitioner-Defendant entered guilty pleas to three counts of mail fraud. He was represented at all times by defense counsel.

At his plea hearing, Petitioner-Defendant stated under oath that he was satisfied with his attorney.  He also stated that he agreed to the forfeiture in question and understood that he was giving up his trial rights, including the right to bring motions.  He further asserted that he made no claim that he was innocent of the offenses.  The Defendant and the United States waived their rights to appeal the sentence imposed, provided that the sentence was 120 months or less.  The Court made a finding at the time of the plea, and stands by that finding at this time, that the pleas of guilty were knowingly and voluntarily entered into, and that there was a proper factual basis for each of the guilty pleas.

## DISCUSSION

Petitioner-Defendant is now before the Court with his self-styled post-appeal motions, as noted above.

**A.      Ineffective Assistance of Counsel**

In effect, Petitioner-Defendant asserts that his Sixth Amendment rights were violated by ineffective assistance of counsel.  However, such claims are generally raised in a petition for relief, pursuant to 28 U.S.C. § 2255.  Before a court may recharacterize a *pro se* motion as a § 2255 petition, the Court must first notify the litigant of its intent to do so, then provide notice to the litigant that any subsequent motion pursuant to § 2255 is subject to restrictions, and afford the litigant the opportunity to withdraw or amend the motion to include all § 2255 claims which the *pro se* movant believes they have.  *Castro v. U.S.*, 540 U.S. 375, 383 (2003).

Consequently, the Court declines to consider Petitioner-Defendant's ineffective assistance claims.  Petitioner-Defendant's request and motion are therefore denied without prejudice.

**B.     Motion for New Trial**

Although Petitioner-Defendant's most recent reply (Doc. No. 106) appears to agree in substance with the United States' position, the Court will nonetheless address the status of Petitioner-Defendant's self-styled motion for a new trial.

Petitioner-Defendant moves this Court for a new trial, pursuant to Rule 33 of the Rules of Criminal Procedure, which provides that the Court may order a new trial "if the interests of justice so require."  Petitioner-Defendant, in support of his position, asserts errors in the proceedings leading up to and including his guilty plea, newly discovered evidence, and ineffective assistance of counsel.

As previously noted by the Court, Petitioner-Defendant entered a guilty plea and waived his right to a jury trial.  Rule 33 is confined to those situations in which a trial has occurred.  *United States v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995); *United States v. Collins*, 898 F.2d 103, 104 (9th Cir. 1989) (per curiam); *United States v. Lambert*, 603 F.2d 808, 809 (10th Cir. 1979); *Williams v. United States*, 290 F.2d 217, 218 (5th Cir. 1961) (per curiam); *see also United States v. Prince*, 533 F.2d 205, 208 (5th Cir. 1976).

For these reasons, Petitioner-Defendant's motion for a new trial is denied.  As correctly pointed out by the Government, even if Petitioner-Defendant's motion for a new trial was not procedurally barred, his reliance on asserted trial errors is untimely because

4

a motion for a new trial citing trial errors must be filed within seven days after the verdict. The seven-day rule is a jurisdictional rule. *United States v. Beran*, 546 F.2d 1316, 1319 n.1 (8th Cir. 1976); *United States v. Graham*, 97 F.3d 1145, 1147 (8th Cir. 1996).

Contrary to Petitioner-Defendant's allegations, the record does not establish that there is any "newly discovered" evidence. To succeed on such a claim as newly discovered evidence, a party must show: (1) the evidence is newly discovered; (2) the defendant acted diligently; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the newly discovered evidence is of such a nature that it would probably produce an acquittal at a new trial. *United States v. Dittrich*, 204 F.3d 819 (8th Cir. 2000). There is no such evidence in the record before the Court or contained in Petitioner-Defendant's motion.

## C.      Motion to Withdraw Guilty Plea

The motion to withdraw his plea is untimely. A motion to withdraw a guilty plea may be made only before a sentence is imposed. Fed. R. Crim. P. 11(e). After sentencing, a plea may be set aside only on direct appeal or as a motion pursuant to 28 U.S.C. § 2255. Here, no such claim or motion was made prior to sentencing or on direct appeal. For these reasons, Petitioner-Defendant's motion to withdraw his plea is denied.

## D.      Motion for Bond

Petitioner-Defendant has asked this Court to release him from serving his sentence pending the Court's decision on the motions before it. Petitioner-Defendant's conviction and sentence has now been affirmed on appeal, as noted above. Alternatively, in order to

receive bond pending a decision in a federal habeas case, a prisoner must show a

substantial claim of law based on the facts surrounding the petition and the existence of

"some circumstance" making the motion for bail exceptional and deserving of special

treatment in the interests of justice. *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (additional

citations omitted).

Petitioner-Defendant's motion for release pending this Court's decision is denied.

**E.      Motion to Discovery of Grand Jury Minutes and Evidence**

Petitioner-Defendant entered knowing and voluntary pleas of guilty in this case.

In doing so, he waived his constitutional and statutory rights, including any additional

statutory right to discovery. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *Weatherford

v. Bursey*, 429 U.S. 545, 559, 97 S. Ct. 837 (1977) ("There is no general constitutional

right to discovery in a criminal case").

Petitioner-Defendant has waived any right he may have had to additional

discovery or to challenge the grand jury by entering his plea of guilty.  Petitioner-

Defendant's motions for discovery are denied.

**F.      Motion to Dismiss the Indictment**

Petitioner-Defendant has moved to dismiss the indictment, asserting that the Court

did not have jurisdiction to hear his case.

Article I, Section 8, of the United States Constitution authorizes Congress to

create, define, and punish crimes, irrespective of where they are committed.  Furthermore,

18 U.S.C. § 3231 gives "district courts of the United States . . . original jurisdiction . . . of

all offenses against the laws of the United States."  Mail fraud, wire fraud, and money

laundering are offenses against the laws of the United States.  *Badders v. United States*,

36 S. Ct. 367, 240 U.S. 391 (1916) (mail fraud is valid exercise of Congressional power

to define crime); *United States v. Hook*, 195 F.3d 299 (7th Cir. 1999) (wire fraud valid

exercise of commerce clause power by Congress); *United States v. Kelley*, 929 F.2d 582

(10th Cir. 1991) (effect on interstate commerce in money laundering statute is sufficient

to confer federal jurisdiction).

For these reasons, Petitioner-Defendant's motion to dismiss for a lack of

jurisdiction is denied.

## G.     Motion Challenging Forfeiture Order

In the plea agreement that Petitioner-Defendant entered into when he had counsel,

Petitioner-Defendant agreed to forfeit the assets in question.  The plea was entered

knowingly and voluntarily.  The Court sentenced Petitioner-Defendant consistent with the

forfeiture provision in the plea agreement.  This issue was not raised by the

Petitioner-Defendant on direct appeal.  If Petitioner-Defendant's motion for forfeiture

represents anything, it is a challenge to the validity of the sentence and, as such, must be

presented in a § 2255 motion.  For these reasons, Petitioner-Defendant's motion to nullify

the forfeiture order is denied.

Finally, to the extent that the most recent submission of Petitioner-Defendant

(Doc. No. 106) can be construed as a motion to withdraw (in whole or in part) the current

motion before the Court, that motion is denied.  Whether the Petitioner-Defendant

chooses to file a new cause of action pursuant to § 2255 and whether he is entitled to do so is a decision for Petitioner-Defendant to make and is an issue not before this Court.

### CONCLUSION

Based upon the presentations and submissions of the both Petitioner-Defendant Scott D. Wiele and the United States, the Court having reviewed the contents of the file, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1.      To the extent that Petitioner-Defendant Scott D. Wiele's submissions can be deemed as a motion asserting that his Sixth Amendment rights were violated by ineffective assistance of counsel, Petitioner-Defendant's motion is **DENIED**.

2.      Petitioner-Defendant Scott D. Wiele's Motion for a New Trial (Doc. No. 90) is **DENIED**.

3.      Petitioner-Defendant Scott D. Wiele's Motion to Withdraw his Guilty Plea (Doc. Nos. 91) is **DENIED**.

4.      Petitioner-Defendant Scott D. Wiele's Motion for Release Pursuant to a Bond Pending Decision of this Court (Doc. Nos. 93 & 94) is **DENIED**.

5.      Petitioner-Defendant Scott D. Wiele's Motion for Discovery of Grand Jury Minutes and Evidence (Doc. Nos. 96 & 97) is **DENIED**.

6.      Petitioner-Defendant Scott D. Wiele's Motion to Dismiss the Indictment (Doc. No. 98) is **DENIED**.

7.      Petitioner-Defendant Scott D. Wiele's Motion to Nullify the Forfeiture of

Assets Ordered by this Court Pursuant to the Plea Agreement of the Parties (Doc. No. 99)

is **DENIED**.

8.      Petitioner-Defendant Scott D. Wiele's Motion to Amend the Existing

Motion before the Court (Doc. No. 105) is **DENIED AS MOOT**.

      **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  April 10, 2008                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          Judge of United States District Court