| | |
|---|---|
| United States of America, | Criminal No. 05-214(1) (DWF/JSM) |
| | Civil No. 08-4791 (DWF) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Scott Donald Wiele, | |
| Defendant. | |

Jeffrey Paulsen, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Scott Donald Wiele, *Pro Se*, Defendant.

Katherine Menendez, Assistant Federal Defender, Federal Defender's Office, counsel for Defendant.

This matter is before the Court on the motion of Petitioner-Defendant Scott Donald Wiele ("Petitioner-Defendant") requesting this Court to reconsider its December 10, 2008 Order wherein the Court denied Petitioner-Defendant's Motion to Vacate, Set Aside, or Correct his Sentence, based upon his allegation of ineffective assistance of counsel. The Court also denied Petitioner-Defendant's Motion for New Trial, Motion to Withdraw Guilty Plea, Motion for Bond, Motion [for] Discovery of Grand Jury Minutes & Evidence, Motion to Dismiss Indictment, Motion Challenging Forfeiture Order, and Petitioner-Defendant's motion for an evidentiary hearing.

Petitioner-Defendant is now before the Court alleging newly discovered evidence purportedly discovered by his wife. Petitioner-Defendant asserts that "[t]he 'contemporaneous note' clearly shows the dates of meetings, the amount of money invested, and the running values of the account from March 1, 2000 to March 15, 2002 on monies in question." Petitioner-Defendant has made his motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The motion is opposed in all respects by the United States.

Based upon the presentations and submissions of the parties; the Court having again reviewed the record in this matter, including its significant procedural history; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant Scott Donald Wiele's Motion to Reconsider the Order of December 10, 2008 (Doc. No. 120), is hereby **DENIED**.

2. Petitioner-Defendant Scott Donald Wiele's motion and request for an evidentiary hearing is hereby **DENIED**.

Dated: July 9, 2009                s/Donovan W. Frank
                                                    DONOVAN W. FRANK
                                                    Judge of United States District Court

**MEMORANDUM**

First of all, the Court expressly incorporates into its decision and this Order its December 10, 2008 Order. The Court stands by the conclusions reached at that time. Significantly, even if the Court assumed, for purposes of its decision, that the "contemporaneous note," as described by the Petitioner-Defendant, was newly discovered evidence, which it is not, there is no likelihood that this evidence would have changed the outcome prior to or during the plea or sentencing in this matter or otherwise lead to an acquittal. *United States v. Zuazo*, 243 F.3d 428 (8th Cir. 2001).

As pointed out by the United States, Petitioner-Defendant entered his guilty plea on August 26, 2005. At that time, as noted in the Court's December 10, 2008 Order, Petitioner-Defendant stated, under oath, that he was satisfied with his attorney. He also stated, under oath, that he agreed to the forfeiture in question and understood that he was giving up his constitutional rights related to a jury trial, including the right to bring pretrial motions. Notably, Petitioner-Defendant asserted that he made no claim that he was innocent of the offenses. Petitioner-Defendant and the United States waived their rights to appeal the sentence imposed provided the sentence was 120 months or less. The Court made a finding at the time of the plea and stands by that finding today, as it did in April 2008 and again in December 2008, that the pleas of guilty were knowingly and voluntarily entered into and that there was a proper factual basis for each of the guilty pleas. The so-called "contemporaneous note" does not change the result in this case.

It is true, as the Court has observed above, that even if the Court assumed this to be newly discovered evidence, the result in this case would remain the same. The decision of the Court in this instance is not a close call. However, this "evidence" is not newly discovered evidence, even when viewed in the light most favorable to the Petitioner-Defendant. The note was discovered by his wife without any specific information regarding the discovery of the note, date, time, location, etc. The note has always been in the possession, constructive, or otherwise, of the Petitioner-Defendant. It is clearly not newly discovered evidence. Finally, as noted above, this so-called "contemporaneous note" does not create any legal or evidentiary basis to conclude that a different result would or should have occurred. The plea transcript speaks unequivocally for itself. Petitioner-Defendant knowingly and voluntarily admitted to all elements of the crime, including the intent element. The note, even if authentic, does not change anything in this case, given the record before the Court. The issue is not one of evidentiary admissibility. The Court assumes, for purposes of its ruling, that the document in question would be admissible. Neither Rule 59 nor the interests of justice require or otherwise obligate this Court to grant the Petitioner-Defendant's motion or order an evidentiary hearing.

The Court again concludes that an evidentiary hearing is not required in this matter. A 28 U.S.C. § 2255 petition can be dismissed without a hearing if: (1) petitioner's allegations, if accepted as true, would not entitle petitioner to release; or (2) the allegations cannot be accepted as true because they are contradicted by the record,

4

are inherently incredible, or are conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981 (8th Cir. 1998). Applying that standard to the allegations of Petitioner-Defendant and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

For the reasons stated, the Court has respectfully denied Petitioner-Defendant's motion to reconsider its December 10, 2008 Order.

D.W.F.